UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOLA HASANAJ,

        Plaintiff,                    Civil No. 4:19-cv-12693

v.                                       Hon. Matthew F. Leitman

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, *et al.*,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF LEAVE TO AMEND

On September 12, 2019, Plaintiff Kola Hasanaj filed this action against Defendants Detroit Public Schools Community District ("DPSCD"), Steven Rhodes, Cassandra Washington, and Cindy Lang. (*See* Compl., ECF No. 1.)   Hasanaj was a DPSCD teacher until September 2016, when DPSCD "terminated him from his position based on three years of evaluations which rated him as 'ineffective.'" (*Id.*, PageID.2.)   Hasanaj brings two counts against Defendants: one count for deprivation of property without due process of law under the Michigan Constitution and the United States Constitution, and one count for wrongful termination under Michigan law. (*See id.*, PageID.8–13.)

All Defendants have moved to dismiss this action. (*See* DPSCD Mot. for Summary Dismissal, ECF No. 7; Lang & Washington Mot. for Summary Dismissal,

ECF No. 12; Rhodes Mot. to Dismiss, ECF No. 13.)   The briefing on Defendants'

motions is now complete, and the Court has reviewed the briefing.

Defendants argue, among other things, that Hasanaj's procedural due process

claim fails because he has not sufficiently pleaded that he had a protectible property

interest of which he was deprived. (*See, e.g.*, Rhodes Supp. Br., ECF No. 19,

PageID.334–338; DPSCD, Lang, & Washington Supp. Br., ECF No. 20,

PageID.348–352.)   Hasanaj counters that he has sufficiently identified a protectible

property interest and alleged deprivation of that interest without due process of law.

But some of Hasanaj's arguments in this regard are not anchored to factual

allegations in his Complaint.   By way of example, Hasanaj argues that he had a

property interest in continued employment because "[h]e was treated like a tenured

teacher." (Pl.'s Resp. to Mots. for Summary Dismissal, ECF No. 14, PageID.283.)

But Hasanaj did not make such a factual allegation in his Complaint.   Similarly,

Hasanaj argues that he had a protectible property interest in his good reputation and

that he was deprived of that interest when his "erroneous three consecutive annual

evaluations of 'Ineffective' were placed by Defendants on a public website, and can

be viewed by any future school district that he applies to." (*Id.*, PageID.284.)   But

again, Hasanaj's Complaint contains no factual allegations about the posting of the

"Ineffective" rating on a website, how or who can view that rating, or what "stigma

or disability" Hasanaj suffered as a result.   These are just two examples of

arguments Hasanaj raises in his briefing that are not anchored to factual allegations in his Complaint.   Hasanaj cannot defeat Defendants' motions to dismiss with arguments that are not tied to specific allegations in his Complaint.

The Court is willing to give Hasanaj an opportunity to amend his Complaint to add factual allegations to support his legal arguments and to address the alleged deficiencies in his claims that Defendants have identified in their motions to dismiss. While Hasanaj may amend his Complaint in any way he sees fit, the Court directs Hasanaj to pay special attention to the possible addition of factual allegations that he believes support his due process claims.   The Court does not anticipate allowing Hasanaj a second opportunity to amend to add factual allegations that he could include in his amended complaint.   Simply put, this is Hasanaj's opportunity to allege any and all additional facts, known to him, that may cure the alleged pleading deficiencies in his original Complaint.

Accordingly, by **JUNE 25, 2020**, Hasanaj shall notify the Court and Defendants in writing whether he will amend the Complaint.   If Hasanaj provides notice that he will be filing a First Amended Complaint, he shall file that amended pleading by no later than **JULY 9, 2020**, and Defendants shall answer or otherwise respond to it by no later than **AUGUST 6, 2020**.   Upon the filing of a First Amended Complaint, the Court will terminate without prejudice Defendants' currently pending motions to dismiss (ECF Nos. 7, 12, & 13) as moot.   If Hasanaj provides

3

notice that he will not be filing a First Amended Complaint, then the Court will

proceed to rule on Defendants' motions to dismiss.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:   June 18, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 18, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764