UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOLA HASANAJ,

    Plaintiff,                                        Case No. 4:19-cv-12693
                                                        Hon. Matthew F. Leitman

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, *et al*,

    Defendants.
_____/

## ORDER TO EXPAND SUPPLEMENTAL BRIEFING

In this action, Plaintiff Kola Hasanaj alleges, among other things, that Defendants violated his right to procedural due process. Defendants have moved to dismiss his procedural due process claim. The Court held a hearing on Defendants' motions on January 13, 2021. During the hearing, the Court discussed with the parties three potential protected interests on which Hasanaj's procedural due process claim could rest: (1) his claimed property interest in his 2011-12 "minimally effective" evaluation; (2) his claimed liberty interest in his reputation; and (3) his claimed property interest in continued employment under a mutual understanding/legitimate expectations theory. The Court announced that it would dismiss the procedural due process claim to the extent that it is based upon the first

1

two alleged protected interests, and the Court directed the parties to submit supplemental briefs with respect to the third alleged protected interest.

In further reviewing the First Amended Complaint and the parties' briefing in connection with the motions to dismiss, the Court recognized that it neglected to discuss with the parties during the motion hearing a fourth claimed interest on which Hasanaj's procedural due process claim could rest – his claimed interest in having the Defendants conduct the "rigorous, transparent, and fair performance evaluation" that is allegedly required under Michigan's Revised School Code. (*See* Am. Compl., ECF No. 26, PageID. 395-397, at ¶¶71-76.)  In support of this claimed interest, Hasanaj relies, in part, upon the Supreme Court's decision in *Schware v. Board of Bar Examiners*, 353 U.S. 232 (1957).  While there is some language in *Schware* that appears to lend at least some support to Hasanaj's due process claim, it is not clear that the actual holding of that decision applies here.  "*Schware* held that former membership in the Communist Party and an arrest record relating to union activities could not be the basis for completely excluding a person from the practice of law." *Conn v. Gabbert*, 526 U.S. 286, 292 (1999).

The Court concludes that it would benefit from supplemental briefing on this question: did Hasanaj have a protected property interest in having the Defendants follow and fairly apply the teacher evaluation process set forth in Michigan's Revised School Code.  In Hasanaj's supplemental briefing, he shall, if possible, cite

2

cases holding that a non-tenured employee had a protected property interest in having an employer follow a statutory evaluation process (or some other statutorily-created process that related to the employee's ability to obtain and/or retain employment). And he shall, if possible, develop more fully – with cites to supporting case law – his argument that under *Schware*, he has a protected property interest in having the Defendants follow and apply the statutory evaluation process.

Furthermore, in light of the fact that at least some of the criteria to be applied during the teacher evaluation process seem to call for the exercise of substantial professional judgment by the evaluators, Hasanaj shall explain how his due process claim can be reconciled with the principle that "[a] constitutionally protected property interest will not lie in the outcome of an employer's discretion." *Smock v. Bd. of Regents of Univ. of Michigan*, 353 F. Supp. 3d 651, 656 (E.D. Mich. 2018). He may argue, for instance, that (1) the Due Process Clause required the Defendants to exercise discretion in a manner consistent with the evaluation provisions of the Revised School Code and (2) Defendants failed to so exercise their discretion. But if Hasanaj makes that argument, it is important that, if possible, he support the argument with citations to closely analogous precedent and on-point legal authority.[1]

---

[1] During the hearing, the Court said on the record that Hasanaj could not have a protected property interest in the teacher evaluation process and/or in any particular rating because the evaluation process involves the exercise of discretion by the

In Defendants' supplemental briefing, they shall, if possible, cite cases in which courts have refused to hold that an employee had a protected property interest in his employer's adherence to statutory evaluation procedures (or some other statutorily-created process that related to the employee's ability to obtain and/or retain employment). Defendants shall also explain in more detail why *Schware* does not support Hasanaj's claimed property interest here. In addition, Defendants may further develop their argument that Hasanaj has no protected property interest in the evaluation process because the process involves the exercise of at least some discretion. If Defendants further develop that argument, they shall, if possible, support it with citations to legal authority.

The parties shall include these arguments in their supplemental briefs due on February 24, 2021. And they may include responses to the opposing side's arguments on these issues in their reply supplemental briefs that are due on March 17, 2021.

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: January 20, 2021

---

evaluators. After further review, the Court has concluded that – after supplemental briefing – it will be necessary to reconsider and revisit its conclusion that the discretion granted to evaluators is necessarily a complete bar to Hasanaj's due process claim.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 20, 2021, by electronic means and/or ordinary mail.

                                         s/Holly A. Monda
                                         Case Manager
                                         (810) 341-9764